Filed 8/18/22  In re N.M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.M. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>J.N.,<br><br>    Defendant and Appellant. | G061120<br><br>(Super. Ct. Nos. 20DP1626, 20DP1627, 20DP1628)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert Gerard, Judge.  Conditionally reversed and remanded with directions.  Motion to take additional evidence, augment the record on appeal, and dismiss the appeal as moot.  Granted in part and denied in part.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel and Karen L. Christensen, Deputy County Counsel, for Plaintiff and Respondent.

No appearances for the Minors.

*     *     *

INTRODUCTION

J.N. (Father) is the presumed Father of now six-year-old N.M., two-year-old M.N., and one-year-old V.N. (collectively, the children). The children were taken into protective custody in December 2019. Father appealed following the six-month review hearing. On appeal, he solely contends the Orange County Social Services Agency (SSA) failed to discharge its inquiry duties under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) because it failed to inquire of Father's mother (the paternal grandmother) and other extended family members of possible American Indian heritage.

SSA has filed a motion asking this court to take additional evidence showing that (1) SSA has since discharged its inquiry duties by inquiring of several of Father's relatives, including the paternal grandmother, who have all denied American Indian heritage, (2) the parties have stipulated that none of the children are Indian children within the meaning of ICWA, and (3) the juvenile court has made a further finding that ICWA does not apply. Based on that additional evidence, SSA moves this court to dismiss the appeal as moot.

We grant SSA's motion to take additional evidence under Code of Civil Procedure section 909, but we deny the motion to dismiss the appeal as moot. Proceedings with respect to the juvenile court's ICWA findings were stayed under Code of Civil Procedure section 916, subdivision (a) after Father appealed from the six-month review hearing order. Therefore, the juvenile court could not make a further ICWA finding during the pendency of the appeal, and thus, the appeal is not moot. We conditionally reverse the orders made at the six-month review hearing as to the juvenile court's ICWA findings and remand for the limited purpose of addressing SSA's compliance with its inquiry duties under ICWA.

2

In December 2019, the children were taken into protective custody and were eventually placed with the paternal grandmother after V.N. tested positive for methamphetamine and amphetamine shortly after she was born. At the detention hearing in January 2020, Mother and Father each denied having any American Indian heritage. The court found ICWA did not apply to M.N. or V.N. The court found that C.M. was also N.M.'s presumed father. The court found no evidence to suggest that N.M. had American Indian heritage but directed C.M.'s counsel "to inquire of any ICWA heritage for [C.M.]."[2]

At the jurisdiction hearing the following June, ICWA information regarding N.M. and C.M., who was incarcerated, remained pending. The juvenile court found true by a preponderance of the evidence the allegations of the juvenile dependency petition filed by SSA on behalf of the children as amended by interlineation. The sustained petition alleged, inter alia: (1) Mother had an unresolved substance abuse problem which included use of methamphetamine and marijuana and a history of mental health and anger management issues; (2) in late 2020, V.N. tested positive for methamphetamine and amphetamine one or two days after her birth; (3) Mother and Father "have had ongoing struggles maintaining a safe and stable residence for the children"; and (4) Father reasonably should have known that Mother had substance abuse issues and/or was struggling to care for the children, and he had otherwise failed to protect the children. The juvenile court found the children came within the provisions of Welfare

---

[1] Our summary of facts and procedural history is limited to provide context relevant to the single issue presented in this appeal.

[2] C.M. is not a party to this appeal. Our references to C.M. are limited to providing relevant background.

and Institutions Code section 300, subdivision (b)(1).[3]  The court also found N.M. came within the provisions of section 300, subdivision (g) (no provision for support).

At the six-month review hearing in February 2022, the juvenile court found ICWA did not apply to N.M.  The juvenile court also found the extent of Mother's, Father's, and C.M.'s progress in alleviating or mitigating the causes necessitating placement had been minimal.  The court further found that reasonable services were attempted to be provided and that return of the children would create a substantial risk of detriment.  The court set the matter for a 12-month review hearing.  Father appealed.[4]

DISCUSSION

In his opening brief, Father solely argues that, although both Father and Mother denied any American Indian heritage at the detention hearing, the juvenile court's ICWA findings and orders must be reversed because SSA "failed to inquire of relatives, and in particular the grandmother/caretaker, whether the children are, or may be, Indian children pursuant to California statutory and published case law."  In the respondent's

---

[3]  All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[4]  Father's original notice of appeal challenged the court's findings and orders as to all three of the children.  Father thereafter filed an amended notice of appeal which excluded N.M.  The clerk of the superior court has since filed a declaration in this court stating: "To:  Court of Appeal [¶] June 19th, 2021 Court finds a detriment to [Father] and states 7612(c) applies.  Court finds [Father] to be the presumed father of [N.M.].  Due to clerical error, [Father] was not added as presumed father for [N.M.].  Please dismiss the Amended Appeal and Amended notices submitted February 24th, 2022 removing [N.M.] and add minor [N.M.] back to the case."

It is of no moment that Father did not previously appeal from the disposition order as to the juvenile court's ICWA findings made at the detention hearing pertaining to M.N. and V.N.  A parent who does not timely appeal from a juvenile court order making or subsuming a finding of ICWA inapplicability may challenge such a finding in an appeal from a subsequent order.  (*In re Isaiah W.* (2016) 1 Cal.5th 1, 6.)  Father is therefore not foreclosed from challenging the juvenile court's ICWA findings as to all of the children in this appeal.

4

brief, County Counsel "acknowledges that readily available relatives were not questioned regarding ICWA prior to the February 10, 2022 orders now challenged." County Counsel argues, however, that "subsequently[,] such inquiry was made and, based on the negative answers provided by the paternal grandmother and several paternal aunts, SSA requests that this appeal be dismissed as moot as argued in the motions to take additional evidence, augment, and dismiss under separate cover."

"ICWA reflects 'a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court . . . must follow before removing an Indian child from his or her family.'" (*In re D.F.* (2020) 55 Cal.App.5th 558, 565, fn. omitted.) The duties imposed by ICWA on the juvenile court and a county welfare agency can be separated into three phases: (1) a duty to inquire, (2) a duty of further inquiry, and (3) a duty to provide ICWA notice. (*Id.* at pp. 566-567.) If, after fulfilling the duty of inquiry and the duty of further inquiry, the court or the county welfare agency "knows or has reason to know . . . that an Indian child is involved" in the dependency proceedings, then notice pursuant to ICWA must be given. (§ 224.3, subd. (a).) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).)

In response to Father's appeal, SSA filed a motion asking this court to take additional evidence, augment the appellate record with such evidence,[5] and, based on that evidence, dismiss Father's appeal as moot. Code of Civil Procedure section 909 authorizes appellate courts to take additional evidence for the purpose of making

---

[5] "At any time, on motion of a party or on its own motion, the reviewing court may order the record augmented to include: [¶] . . . [a]ny document filed or lodged in the case in superior court." (Cal. Rules of Court, rule 8.155(a)(1)(A).)

independent factual determinations or "for any other purpose in the interests of justice." While this authority must be used "'sparingly'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405), appellate courts have considered postjudgment evidence in deciding whether an appeal is moot because "the beneficial consequence of motions to dismiss, where granted, will be to 'expedit[e] the proceedings and promot[e] the finality of the juvenile court's orders and judgment.'" (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676; see *In re Allison B.* (2022) 79 Cal.App.5th 214, 219 [considering postjudgment evidence to demonstrate compliance with ICWA].)

SSA's motion proposed that this court consider the three documents that were filed in the juvenile court after Father filed his notice of appeal on February 14, 2022.

First, SSA requests that we consider its addendum report dated April 7, 2022, in which it described a social worker's contacts with members of Father's family to make inquiries under ICWA. The report states that at the end of March 2022, the assigned social worker contacted a paternal aunt (S.) and the paternal grandmother and inquired of "any possible American Indian heritage." Both denied having any American Indian heritage. The report further states that on April 5, 2022, the assigned social worker asked two other paternal aunts (L. and G.) about any possible American Indian heritage. Both denied having any American Indian heritage.

Second, SSA requests that we consider the parties' proposed orders and findings dated April 7, 2022, and filed in connection with the 12-month review hearing, which proposed that the court find ICWA does not apply in this case.

Finally, SSA requests that we consider the juvenile court's minute orders dated April 7, 2022, in which the juvenile court, inter alia, accepted into evidence SSA's April 7, 2022 addendum report and found that ICWA does not apply.

Father has not opposed SSA's motion in any respect and has not filed a reply brief. Instead, Father's counsel filed a letter informing this court that he would be

6

neither filing a reply brief on Father's behalf nor a "further response to [SSA]'s Request for Judicial Notice." Father's counsel further stated: "In light of [SSA]'s filings, I am submitting the matter to the court and filing this letter in lieu of a reply or further formal response."

We grant SSA's motion to take additional evidence and augment the record for the purpose of deciding whether the appeal is moot. But, notwithstanding Father's lack of opposition, we deny the motion to dismiss the appeal as moot. Although SSA's additional evidence appears to support a finding that, during the pendency of this appeal, SSA complied with its ICWA duties of inquiry, the juvenile court itself was stayed from conducting further ICWA proceedings pending resolution of the appeal. (See Code Civ. Proc., § 916, subd. (a) [appeal stays further proceedings in the trial court "upon the judgment or order appealed from or upon the matters embraced therein or affected thereby"]; *In re Natasha A.* (1996) 42 Cal.App.4th 28, 39 [Code of Civ. Proc., § 916 applies in juvenile dependency proceedings "at least to the extent not inconsistent therewith"].)

There is no applicable exception here to the general rule that the perfecting of an appeal stays proceedings embraced by the judgment or order from which the appeal is taken. (See, e.g., Code Civ. Proc., § 917.7 ["The perfecting of an appeal shall not stay proceedings as to those provisions of a judgment or order which award, change, or otherwise affect custody including the right of visitation, of a minor child in any civil action, in an action filed under Juvenile Court Law, or in a special proceeding"]; § 395, subd. (a) ["A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment. However, *that* order or judgment shall not be stayed by the appeal, *unless*, pending the appeal, suitable provision is made for the maintenance, care, and custody of the person alleged or found to come within the provisions of Section 300, and unless the provision is approved by an order of the juvenile court" (italics added)].)

7

In light of the foregoing, Father's appeal challenging the juvenile court's ICWA findings effected a stay of further ICWA proceedings in the juvenile court pending resolution of the appeal. As the juvenile court did not have authority to make the April 7, 2022 ICWA findings during the pendency of this appeal, those findings did not moot Father's appeal.

We wish to make clear that, although the juvenile court was stayed from conducting further ICWA proceedings during the pendency of this appeal, SSA has remained free to continue its ICWA inquiry efforts. (See *In re A.R.* (2022) 77 Cal.App.5th 197, 207; see also *In re E.V* (2022) 80 Cal.App.5th 691, 700 (*E.V*) ["SSA can start fulfilling its statutory obligation as soon as it has notice of error"].) For the reasons discussed in this opinion, such efforts made during the pendency of an appeal challenging the sufficiency of the evidence of an ICWA finding will not "cure" an erroneous finding so as to render the appeal moot. By continuing its ICWA inquiry efforts, however, SSA will minimize delay in cases such as this one because it will be ready to submit (or as in this case, resubmit) the results of its ICWA investigation to the juvenile court immediately upon remand following a conditional reversal of an appealable order or judgment. In an effort to further expedite matters, we invite the parties to stipulate to the immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).)

In any event, appellate courts including panels of this court have recently concluded that reversal is required in *all* cases in which there has been lack of compliance with the ICWA duties of inquiry. (See *E.V., supra,* 80 Cal.App.5th at p. 694; *In re A.R., supra,* 77 Cal.App.5th at p. 202.) In *E.V., supra*, 80 Cal.App.5th at page 694, a panel of this court rejected SSA's argument that additional new evidence rendered the appeal moot or at least showed that any ICWA inquiry errors were harmless. The court explained: "In the case of *In re A.R.*[, *supra*,] 77 Cal.App.5th 197 . . . , this court established a clear rule that requires reversal in all cases where the ICWA inquiry rules

8

were not followed. County counsel has misconstrued the *A.R.* opinion as advising SSA to promptly address any defects and inviting SSA to submit evidence of its belated efforts to avoid reversal of the judgment. The Court of Appeal is not the appropriate venue for determining if SSA's postjudgment investigation was adequate." (*E.V., supra*, 80 Cal.App.5th at p. 694.) The *E.V.* court conditionally reversed the judgment terminating parental rights and remanded to the juvenile court with directions to allow SSA to comply with ICWA and for the court to make ICWA findings in the first instance accordingly. (*Ibid.*)

The juvenile court's ICWA findings made at the detention hearing with regard to M.N. and V.N. and made at the six-month review hearing with regard to N.M. were erroneous because at the time of those findings SSA had not complied with its ICWA duties of inquiry. We therefore conditionally reverse the orders made as to the court's ICWA findings and remand with directions set forth in the disposition.

DISPOSITION

The orders made at the six-month review hearing are conditionally reversed as to the juvenile court's ICWA findings and the matter is remanded to the juvenile court with directions that, within 30 days of issuance of the remittitur, SSA must file a report demonstrating its compliance with the inquiry provisions of ICWA and section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e). Within 45 days of issuance of the remittitur, the juvenile court must conduct a hearing to determine whether SSA's investigation satisfied SSA's duties of inquiry under ICWA, and, if it did, make a determination whether the court or the social worker knows or has reason to know that N.M., M.N., and V.N. are Indian children. The court may also consider any other ICWA-related issues that may have arisen during the pendency of the appeal. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

9

If the juvenile court finds that (1) SSA's investigation satisfied SSA's duties of inquiry under ICWA and (2) the court or the social worker does not know or has no reason to know that N.M., M.N., and V.N. are Indian children, then all orders made at the six-month review hearing shall be reinstated.  Alternatively, if the juvenile court finds that (1) SSA's investigation did not satisfy SSA's duties of inquiry under ICWA or (2) the court or the social worker knows or has reason to know that N.M., M.N., and V.M. are Indian children, then the court shall proceed accordingly.

MARKS, J.*

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10